UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES D. WIMBER, <br> AKA JJ Wimber, <br><br> Plaintiff, <br><br> v. <br><br> STEWART COUNTY DETENTION <br> CENTER, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:19-cv-00572 <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

James D. Wimber, an inmate of the Stewart County Detention Center in Dover, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Stewart County Detention Center, f/n/u White, Angie Lemons, K.C. Wimberly, Sgt. Harmon, Frankie Gray, Kenny Anderson, and Deputy Scallion. (Doc. No. 1). The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.  PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

1

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, while an inmate of the Stewart County Jail, Defendants refused to provide Plaintiff with medical treatment for his asthma and breathing problems in January of 2017, May of 2018, and on March 20, 2019. The complaint further alleges that Plaintiff developed chronic obstructive pulmonary disease ("COPD") because of Defendants' failure to provide him with medical treatment. (Doc. No. 1).

**IV.     Analysis**

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). The doctrine of res judicata, i.e., the preclusive effect of a judgment, encompasses both issue preclusion and claim preclusion. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 n.5 (6th Cir. 2006). "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." Id. In contrast, "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Id.

"Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding." Gen. Elect. Med. Sys. Europe v. Prometheus Health, 394 F. App'x 280, 283 (6th Cir. 2010) (citation omitted).

Earlier this year,[1] Plaintiff filed a pro se complaint pursuant to Section 1983 in which he raised allegations about his medical care at the Stewart County jail during 2017 and 2018. See James D. Wimber v. Stewart County, Tenn., No. 3:19-cv-00355 (M.D. Tenn. filed 4/30/17) (Richardson, J.).  Plaintiff named Stewart County, Tennessee, and Sheriff f/n/u White as Defendants to that action.  By Order and Memorandum Opinion entered on May 21, 2019, the

---

[1] In 2017, Plaintiff filed a pro se complaint pursuant to Section 1983 in which he also raised allegations about his medical care at the Stewart County jail. See James D. Wimber v. Stewart County, No. 3:17-cv-01244 (M.D. Tenn. filed 9/11/17) (Trauger, J.). By Order entered on March 26, 2019, the Court dismissed that action without prejudice for failure to prosecute and comply with Orders of the Court. (*Id.*, Doc. No. 110).

3

Court dismissed the action for failure to state Section 1983 claims upon which relief can be granted as to both Defendants. (Id., Doc. Nos. 12 and 13). After final judgment was entered in the case, Plaintiff filed a motion to amend his complaint. (Id., Doc. No. 19). The Court denied the motion to amend, finding that (1) Plaintiff was not permitted to amend his complaint after the dismissal of his action and the entry of final judgment; (2) to the extent that Plaintiff sought an amendment of the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff sought to amend his complaint to allege more of the "continuing same neglect" of which he complained in the original complaint and the Court already had determined that complaints of medical malpractice or negligence are insufficient to entitle a plaintiff to relief; and (3) Plaintiff also was not entitled to relief if his motion was considered under Rule 60 (b) of the Federal Rules of Civil Procedure. (Doc. No. 20).

Plaintiff is barred under the doctrine of issue preclusion from relitigating the Court's prior adjudication of these same Section 1983 claims. In reviewing both complaints, it is apparent that Plaintiff's previous lawsuit and current lawsuit concern the same incidents and some of the same Defendants at the same facility. The precise issues now raised, i.e., Section 1983 claims against Sheriff White and Stewart County, Tennessee[2] arising from the alleged failure to provide medical treatment for Plaintiff's breathing problems and asthma, were raised and litigated in a prior action.

---

[2] In the instant case, Plaintiff names the Stewart County Detention Center as a Defendant. However, the Stewart County Detention Center is not a "person" that can be sued under 42 U.S.C. § 1983. Cf. Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); Seals v. Grainger County Jail, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Therefore, any claims against the Stewart County Detention Center must be dismissed. However, the Court could construe Plaintiff's pro se claims liberally and find that Plaintiff intended to bring claims against the entity responsible for the operation of the Stewart County Detention Center—Stewart County, Tennessee. In addition, the complaint names several individuals in their official capacities. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993). Because the individual Defendants who are named in their official capacities are employees of Stewart County, Tennessee, those claims are claims against Stewart County, Tennessee.

The Court already has reviewed these claims under the Prison Litigation Reform Act and determined that Plaintiff's allegations failed to state claims under Section 1983 upon which relief can be granted. See James D. Wimber v. Stewart County, Tenn., No. 3:19-cv-00355 (M.D. Tenn. filed 4/30/17) (Richardson, J.) (Doc. Nos. 12 and 13). In Plaintiff's prior action, the Court determined that the allegations failed to state Section 1983 claims for two reasons: (1) Plaintiff's claim against Defendant White in his official capacity only was a claim against Stewart County, Tennessee; therefore, it was superfluous and (2) the allegations of the complaint were insufficient to state a claim for municipal liability against Stewart County, Tennessee, under Section 1983. (Id., Doc. No. 12 at 3-7). Those determinations are conclusive in this subsequent suit based on the same causes of action under Section 1983.

First, the precise issues were raised and actually litigated in Plaintiff's prior lawsuit. The same claims cannot be relitigated by Plaintiff in this or any other action in federal court, even if Plaintiff provides additional facts that he previously did not provide, as he appears to do in the instant complaint. See Prometheus Health, 394 F. App'x 280, 283; see also Hamilton v. State Farm Fire & Cas. Co., 127 F.3d 1102, 1103 (6th Cir. 1997) ("The fact that the plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other theories could have been asserted and remedies could have been sought in the earlier action.").

Second, the Court's determination that the complaint's allegations failed to state a claim upon which relief can be granted under Section 1983 was clearly necessary to the outcome of the prior proceeding. See Prometheus Health, 394 F. App'x 280, 283. Indeed, it was the sole reason for the Court's dismissal of the action. The second requirement for issue preclusion is met.

Third, the Court's decision to dismiss Plaintiff's claims pursuant to the Prison Litigation Reform Act in the previous case was a final judgment on the merits. See 3:19-cv-00355 (Doc. No. 14) ("Judgment is hereby entered for purposes of Rule 58(a) and/or Rule 79(a) of the Federal Rules of Civil Procedure . . . ."). That judgment is binding on Plaintiff. See Prometheus Health, 394 . App'x 280, 283; see also Goodwin v. Hall, No. 3:16-1347, 2016 WL 3430430, at *2 (M.D. Tenn. June 22, 2016) (finding that court's prior decision after screening prisoner-plaintiff's claim under the Prison Litigation Reform Act constituted a final decision on the merits); Haddad v. Mich. Nat'l Corp., 34 F. App'x 217 218 (6th Cir. 2002) (dismissal with prejudice is considered a final judgment on the merits).

Fourth, even though Plaintiff has proceeded pro se in both actions, there is no evidence that he has been deprived of an opportunity to fully and fairly litigate his cases. See Prometheus Health, 394 F. App'x 280, 283; see also United States v. Guy, No. 1:05 CV 2605, 2006 WL 1874709, at *6 n.5 (N.D. Ohio July 3, 2006) (Defendant's "partial pro se status did not prevent [her] from having a 'full and fair' opportunity to litigate" an issue).

Consequently, the Court concludes that the elements of issue preclusion are met. Plaintiff cannot file another lawsuit in the hope of achieving a different result. To the extent that the instant complaint names individuals as Defendants who were not named in the prior action, these individuals could have been named in the prior action. The allegations against these newly-named individual Defendants overlap with those claims brought by Plaintiff in the previous action. Therefore, these claims could have been or should have been litigated in that action.

The Court is aware that res judicata is an affirmative defense that usually must be raised by a defendant. Fed. R. Civ. P .8(c). However, the Supreme Court as well as the Sixth Circuit have indicated that a Court may take the initiative to assert the res judicata defense sua sponte in "special

6

circumstances." <u>Arizona v. California</u>, 530 U.S. 392, 412 (2000); <u>Gooch v. Life Investors Ins. Co. of Am</u>., 672 F.3d 402, 418 (6th Cir. 2011) (citing <u>Arizona</u> for the proposition that the Court may address sua sponte the issue of res judicata). The "special circumstance" recognized in <u>Arizona</u> is when "a court is on notice that it has previously decided the issue presented." <u>Id</u>. at 412 (citations and internal quotation marks omitted). As this case is a refiling of a case that was before this Court within the past year, the Court finds that the claims and issues presented in this case have been thoroughly litigated and decided on the merits.

**V.      Conclusion**

For the reasons explained herein, the Court finds that a review of the instant claims already has been undertaken by the Court in a prior Section 1983 case filed by Plaintiff in this Court. Therefore, the Court's review of the instant claims is barred by the doctrine of issue preclusion. Accordingly, this action will be dismissed. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE