# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES D. WIMBER, <br> AKA JJ Wimber, <br><br> Plaintiff, <br><br> v. <br><br> STEWART COUNTY DETENTION <br> CENTER, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:19-cv-00572 <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a pro se Motion to Amend filed by Plaintiff James D. Wimber, an inmate of the Stewart County Detention Center in Dover, Tennessee. (Doc. No. 7).

By Order and accompanying Memorandum Opinion entered on July 22, 2019, the Court granted Plaintiff's application to proceed in forma pauperis, screened the Complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and found that the Court's review of the Complaint's allegations was barred by issue preclusion. (Doc. Nos. 4 and 5). Consequently, the Court dismissed this action (Doc. No. 5), and the Clerk entered final judgment on the following day. (Doc. No. 6). That means this case is no longer an active case and there are no further issues for the Court to resolve in this case.

Plaintiff now seeks to amend his complaint to add claims against Eric Jackson. (Doc. No. 16). However, the Federal Rules of Civil Procedure do not permit a plaintiff to amend his complaint after the dismissal of his action and the entry of final judgment, which is the case here. The only way the Court can consider Plaintiff's motion is to construe it as motion seeking an

amendment of the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 59 provides that the court may grant a motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); see GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999). A motion to alter or amend judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, Plaintiff's motion, if construed as a Rule 59(e) motion, was timely filed.

In his motion, Plaintiff does not allege that there has been an intervening change in controlling law that would require the Court to revisit its previous legal analysis. Plaintiff does not seek to amend his complaint to add claims based on newly discovered evidence. Plaintiff states that he seeks to amend his complaint to add claims against Eric Jackson based on his purported role in Plaintiff's arrest and incarceration. (Doc. No. 16 at 2). However, Plaintiff once before has attempted to amend his complaint after the dismissal of this case to set forth allegations against Eric Jackson, and the Court already has considered those allegations. (See Doc. No. 13 at 3-6). In so doing, the Court found that Eric Jackson is a private citizen not subject to suit under Section 1983; consequently, the Court concluded that Plaintiff's post-judgment motion to amend, construed as a motion seeking amendment of the judgment pursuant to Rules 59(e) of the Federal Rules of Civil Procedure, must be denied. (Id.) In his most recent motion, Plaintiff essentially is asking the Court to reconsider this finding and has provided no reason for the Court to do so. For these reasons, Plaintiff is not entitled to relief under Rule 59(e).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)


newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Therefore, Plaintiff's motion (Doc. No. 21), if construed as a Rule 60 motion, was timely filed.

None of the enumerated grounds for relief under Rule 60(b)(1)-(5) apply in this case, however. Rule 60(b)(6) is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b). McGuire v. Warden, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief. Id. "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Blue Diamond Coal v. Trustees of United Mine Workers, 249 F.3d 519, 529 (6th Cir. 2001); see also Thompson v. Bell, 580 F.3d 423, 442 (6th Cir. 2009). A district court's discretion in deciding a Rule 60(b)(6) motion is especially broad due to the underlying equitable principles involved. Tyler v. Anderson, 749 F.3d 499, 509 (6th Cir. 2014).

Here, Plaintiff does not describe any exceptional or extraordinary circumstances that mandate relief. The Court already has analyzed Plaintiff's allegations against Eric Jackson and determined that these allegations do not state claims upon which relief can be granted under Section 1983 because Eric Jackson's purported actions were not taken "under color of state law." (Doc. No. 13 at 5-6).

Accordingly, Plaintiff's motion (Doc. No. 16), whether construed as a motion to amend his complaint after the dismissal of his case and entry of final judgment, a Rule 59(e) motion to alter or amend judgment, or a Rule 60(b) motion for relief from a judgment or order, is hereby **DENIED**.

Plaintiff is reminded that this case has been dismissed. There are no further issues for the Court to resolve in this case. Plaintiff cannot continue to add Defendants and claims. Although Plaintiff may initiate a new federal civil rights action upon submission of the proper documents and filing fee, he cannot re-litigate the issues raised in his previous lawsuits. That means any new federal lawsuit filed by Plaintiff must concern events and matters <u>not</u> raised in his other lawsuits.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE